JOHN W. MARQUIS v. O. D. McMANNAMA et al.

Tender of Answer When Regarded as Filed.
    When an answer is tendered and regarded as filed on trial without objections the omission to note the filing must be regarded as waived.
Answer — Cross-petition.
    Before a judgment can be rendered on an answer it must be made a cross-petition.

APPEAL FROM GRANT CIRCUIT COURT.

September 24, 1866.

OPINION OF THE COURT BY JUDGE PETERS:

Rankin, as the administrator of Henry, had recovered a judgment in the Grant Circuit Court against appellant for over $215; this sum was paid to Rankin on said judgment; afterward appellant brought the case to this court, and reversed said judgment, and after entering up the mandate of this court obtained a judgment against Rankin to restore the $215 which he had paid to him.

The appellant on the 27th of May, 1862, assigned said judgment to McMannama, and he on the same day assigned it to Mussleman, and on the next day Rankin paid of said judgment $132.18, as shown by an indorsement on the assignment; the judgment was subsequently transferred back to McMannama.

In October, 1863, appellant filed his petition in equity in the Grant Circuit Court, alleging, that he never contracted with Mc-

Mannama to assign him the whole of said judgment, that he was only entitled to the half of it, and that was all he intended to assign to him, but being an illiterate man, and unable to read, McMannama took the advantage of him and fraudulently caused the assignment to be made of the whole of said judgment, sought and obtained an injunction against Rankin from paying, and Mc-Mannama from collecting the residue of the debt, asked that the assignment to the extent of one-half of said judgment should be set aside, and Rankin be adjudged to pay him what remained unpaid of said judgment and for general relief.

In what purports to be an answer of McMannama and Mussleman the charge of fraud is denied, and the assignment of the judgment is exhibited and its genuineness insisted upon for a valuable consideration, and the execution of the assignment proved by the subscribing witness.

On the hearing a judgment was rendered against appellant in favor of McMannama for $215, with interest from the 29th day of June, 1858, until paid, and his costs therein expended, subject to a credit of $132.18 of date of 28th October, 1862, and also against Rankin for said $215, with interest from the 29th of June, 1858, till paid, less the sum of $132.18, paid the 28th of October, 1862, and also $25, paid the 27th of May, 1862, and costs, and that the amount when paid by Rankin shall go as a credit on the judgment against Marquis, and Rankin to be credited for said amounts on the judgment in favor of Marquis against him, and judgment was also rendered against Marquis for $21.50 damages on the dissolution of his injunction, and from that judgment Marquis prosecutes this appeal.

It is insisted for appellant that as the answers of McMannama and Mussleman were only noted as *lodged* in the clerk's office, and not filed in open court, they should not have been regarded, and appellant's position taken as confessed.

The answers seem to have been treated and regarded on the trial as filed. Appellant made no objection to their being so treated, and the omission to note the filing of them in open court must be regarded as waived.

But there are errors in the judgment which must prove fatal to it. The answer is not even made a cross-petition, and there are no allegations in it which would authorize a judgment against appellant for the $215, the amount of the judgment on Rankin

assigned to McMannama, and upon the dissolution of the injunction from anything that appears he would have been entitled to his execution against Rankin to enforce any balance remaining unpaid.

Besides the original debt assigned was only $215; of that as is alleged in the petition $138.18 were paid and appellant only sought to enjoin the residue of the debt, which could not have exceeded $150, and still damages are awarded against appellant to the amount of $21.50, making $6.50 more than he would be entitled to, allowing 10 per cent. damages on the dissolution of the injunction.

It furthermore appears in the record that the day after the rendition of said judgment Rankin paid into court $120, the unpaid balance of the judgment against him, so that the judgment which appellant had assigned to appellee was satisfied, and in this proceeding he was not entitled to any judgment against appellant, except the 10 per cent. on the amount enjoined and his costs.

Wherefore, the judgment is reversed, and the cause remanded, with directions that further proceedings be had consistent herewith.